[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Conn Strux, Inc. a husband and wife construction corporation, brings this action against the defendant Town of East Granby seeking damages resulting from delays caused by the town and for withholding payments due.
The defendant denies the material allegations of plaintiff's amended complaint and raises, in its amended answer, special defenses as well as counterclaims for compensatory and liquidated damages.
The factual basis for the allegations and claims made by the parties results from a contract (Plaintiff's Exhibits 1, 2 and 4) entered into by the parties. By the terms of that contract, the plaintiff undertook to construct a garage and raze a house and an existing garage, together with installation of utilities, site grading and landscaping, etc., all as set out specifically and in detail in the above-mentioned contract documents. Definite time periods were set out for the substantial completion and the final completion of the project. Further, the contract documents attempted to provide for all possible contingencies as well as usual and predictable construction problems while at the same time recognizing that changes and modifications would in all probability be required. Thus, based on the terms, conditions and requirements of the contract the parties proceeded to implement it. The court in this memorandum will refer to specific portions of the contract as needed to support and explain its decision.
The contract commencement date was July 1, 1997. The substantial completion date was 150 days from the commencement date; i.e., November 27, 1997. The final completion date; i.e., December 27, 1997, was 180 days from the commencement date of July 1, 1997. These dates for CT Page 5266 substantial and final completion were never completely adhered to by the parties except as starting dates from which extensions would begin. Thus, the major source of contention between the parties concerns time extensions that were or should have been authorized for the substantial and final completion dates.
The plaintiff contends that the final valid completion date is June 26, 1998, resulting from town caused delays. The town contends that the only contractually permitted time delay that extended the contract time was five additional days as determined by the architect. The plaintiff argues that during the course of construction as problems arose that could increase costs and that could potentially require extension of the completion dates, the talks between the parties centered on the cost of the particular contract change that would result since attempts at determining the effect on the completion dates were difficult if not impossible to determine — especially since the contract recited that "time was of the essence" in the completion of the work. Therefore, the effect of contract changes on the completion day were put off to be resolved at the end of the project. Exhibit 10. The defendant contends that the contract called for changes to the contract to be in writing and approved by both parties; that written changes to the contract did not occur for the most part. Thus, the non written changes could not be considered to be an authorized change of, nor an amendment to the contract. The plaintiff points out, to the contrary, that case law does, in fact, support and permit such non written or oral modifications.[1]
The court taking into consideration the evidence presented at trial finds that the parties had discussions regarding unresolved claims made by the plaintiff during their weekly meetings. That Exhibit 10 specifically sets out that Mr. Chow, the defendant's engineer and representative on the project, promised that owner will resolve any and all additional claims of the contractor at the completion of the project"; that this is sufficient to included claims regarding costs and for time extensions.
Thus, the court finds the following delays resulted from actions by the defendant town or its failure to act and which placed an inability on the plaintiff to meet its contracted dates of completion of the project; and, that extensions of time for the completion of the contract were required in the following instances:
 A.
1. Delay of access to property at 32 South Main Street, East Granby, until September 12, 1997. Together with providing valid assurances that the no hazardous materials were present on the premises. Resulted in a 75-day delay in the project. CT Page 5267
2. Delay resulting from omissions which created defective plans or specification provided by the defendant as to the site contours created a delay of 35 days.
3. Defective plans and specifications as to the elevation of existing sewer and the tie-in sewer to be installed by the plaintiff. This resulted in installation delay of the sewer, and caused a disruption to the work on road and landscaping. Delay resulting 130 days.
4. Additional gravel fill on sanitary sewer lines. Delay resulting, 90 days.
5. Storm water infiltrator. The system set out in the contract and specifications was not available at time of construction. Change Order issued and work completed but pricing not resolved until March 1998; and the extension of time left unresolved. Delay 75 days.
6. Electrical service modification. Parties could not resolve the extension of time issue although both agreed that some time was in order. The plaintiff claims the delay amounts to 40 days.
7. Punch list inspection delay. Town delayed inspection of the project from December 22, 1997 to January 7, 1998, a period of 10 days.
8. Revisions to wiring to conform with building codes. (Exhibit 80). 87 days from November 24, 1997 to February 19, 1998.
9. Winter weather conditions forced the plaintiff to shut down the paving and site work. It then resumed this work when weather permitted. A delay of 90 days resulted. (Exhibits 8 and 13.)
 B.
The court notes that total delay claims of 625 days made by the plaintiff greatly exceeds the actual time required by the plaintiff to complete the project. The court is satisfied that valid claims for time extensions more than offset the actual number of days needed to reach the actual completion date of June 26, 1998; i.e., 182 days.
 C.
The court determines that the delays incurred by the plaintiff exceeded the time period for the contracted project completion date of December 27, 1997, to the actual completion date of June 26, 1998; and, that the defendant improperly withheld the granting of the required time extensions when it failed to honor its November 14, 1997 promise to CT Page 5268 fairly consider and resolve the plaintiff's claims at the conclusion of the project.
Further, the court finds that as a result of the above delays suffered by the plaintiff additional costs and expenses were incurred by the plaintiff.
These costs and expenses are as follows:
Overhead for 182 days of delay:
 Home office — $32,385.00 Field office — 57,108.00
Total $89,493.00 Remobilization costs — 2.056.00
Total $91,549.00
The court also finds that the effective substantial completion date for the project was not later than January 22, 1998; i.e., the time that the defendant's building department granted the defendant permission to occupy the new building.
Although this date of substantial completion was well beyond the December 1, 1997 completion date that the defendant contends is the basis for its determination for the contractual imposition for assessing liquidated damages, the court's above finding is that the plaintiff was substantially delayed in its progress toward the completion dates by actions and/or failures attributable to the defendant went beyond January 22, 1998.
Thus, the court finds that the defendant improperly assessed liquidated damages from December 1, 1997 for a period of 47 days and improperly withheld the sum of $23,500.00 contractually due and owing to the plaintiff.
That the said sum of $23,500.00 is owed to the plaintiff together with interest per Connecticut General Statutes § 37-3a at 10 percent from April 1999 when the plaintiff sought the resolution of its claim (Exhibit 8) to the approximate date of judgment, April 2002, amounting to $7,050.00.
Therefore judgment may enter for the plaintiff on Plaintiff's Amended Complaint on Counts One, Two and Three in the sum of $115,049.00, plus interest of $7,050.00; together with court costs as well as on the defendant's counterclaim. CT Page 5269
Judgment on the remaining Counts of the Plaintiff's Amended Complaint may enter for the Defendant.
Kremski, J.T.R.